ADAM B. DULIN, plaintiff in error, vs. R. & I. CALDWELL & Co., defendants in error.

[1.] An award will not be set aside on account of newly discovered testimony, when the party has shown no diligence to obtain it.

[2.] A case pending in Court may, by the agreement of the parties, be arbitrated under the Act of 1856.

[3.] An award, under the Act of 1856, can only be impeached for fraud and corruption in the arbitrators.

[4.] When a bill is presented for sanction, it is not a sufficient ground for refusing it that the same matter has already been passed upon in another case between the same parties.

In Equity, from Spalding county. Decision at chambers, by Judge CABANISS, 14th June, 1859.

Adam B. Dulin presented to Judge CABANISS, at chambers, for his sanction, and *fiat* for an injunction, his bill in equity, against R. & I. Caldwell & Co, it being a supplemental bill for relief, discovery and injunction.

The Judge refused to sanction the bill, on the ground that the matters therein contained and set forth, had been adjudicated; and on the further ground, that a bill iden-

tically the same as the one presented had been before presented to him for his sanction and refused, and exceptions taken to said decision, and a bill of exceptions signed and certified and now pending and undetermined, to correct and revise said decision.

To which decision of the Chancellor, refusing his sanction to this last bill, complainant excepts, and assigns the same as error.

HAMMOND & SON, for plaintiff in error.

GIBSON; and PEEPLES & CABANISS, *contra*.

*By the Court.*—LUMPKIN J. delivering the opinion.

It is only necessary to state, to make our judgment in this case intelligible, that a somewhat protracted litigation had taken place between the parties when it was agreed to arbitrate the matters in dispute between them. The submission was made under the Act of 1856, and was to be governed by it in all respects.

An award was made and returned by the arbitrators, and when it was moved to make it the judgment of the Court, Mr. Dulin resisted the application. His objections being overruled he applied for a bill of injunction, which was refused by the Court, and this refusal was brought up by writ of error to this Court and affirmed. Another bill of injunction has since been presented and refused, and a bill of exceptions being presented was signed and certified by Judge CABANISS.

Again, another bill was tendered praying an injunction, which the Judge refused to sanction, upon the ground that it contained matter which had already been adjudicated; and for the further reason, that he had signed and certified a bill of exceptions upon his former refusal, which was still pending and undisposed of. I would remark, that

there is no record of the former bill, or of the writ of error.

Was the Court right for refusing its sanction to the last bill, and for not certifying a bill of exceptions? We think not, for the reasons assigned by him. It was his duty to sanction the bill, if it had equity, and leave it to the opposite party to plead a former recovery, provided the facts warranted it, or to have refused his sanction for want of equity in the bill.

Did the bill contain any equity? One of the items of indebtedness claimed of Caldwell & Co., by Mr. Dulin, was his moiety of the commissions on two thousand bags of cotton sold in Charleston. On the arbitration he offered no proof in support of this item. The defendants proved by a Mr. Neely, that commissions were not uniform in Charleston; that some times 25 cents on the bale was charged; at others 50 cents; and on some instances $2\frac{1}{2}$ per cent. commissions on the value of the cotton. The arbitrators adopted the medium rate of 50 cents on the bag, and allowed Mr. Dulin one-half of the amount, or five hundred dollars.

He now charges, as newly discovered evidence, that he can prove by several witnesses, naming them, and others in Charleston, that $2\frac{1}{2}$ per cent was the usual charge in that place. Has not Mr. Dulin been greatly wanting in diligence, in not procuring this testimony before? He was bound to furnish proof upon this point; it was a material part of his claim. He had ample time to obtain it. It would naturally occur to any business man, and such Mr. Dulin was, to apply to those engaged in the cotton trade to get it, and he could hardly have gone amiss on Bay street for this purpose. It would be most extraordinary and unprecedented indulgence to allow this award to be attacked on this ground, at this late day, and after all that has transpired in this case.

But there is an unanswerable reason why this bill should not have been sanctioned. It will be recollected that by the terms of the submission, the arbitration was to be governed

"in all respects" by the Act of 1856; and notwithstanding that statute is applicable, only by its very terms, to controversies originating out of Court, still parties may, by agreement, in referring pending suits, adopt the provisions of that Act as the law of the proceeding. They did so in this case.

Now an award made under this Act can only be impeached for fraud or corruption in the arbitrators. This application is founded upon no such complaint. The award is therefore conclusive, notwithstanding any mistake, either in law or fact, in the finding by the arbitrators or even fraud in the parties. One averment only can be averred against the award, and that is a suggestion on oath, at the term to which the award is returned, that the arbitrators, or some of them, have been guilty of fraud and corruption in making the award.

And for these reasons we affirm the judgment of the Court refusing to sanction the bill.

Judgment affirmed.